I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATE: March 31, 2011

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

DENNIS DOUGLAS BYE,

    Petitioner,

v.

JOHN MARSHALL, Warden,

    Respondent.

Case No. CV 11-02373 JSL (AN)

ORDER TO SHOW CAUSE

In light of the Supreme Court's recently-issued decision in *Swarthout v. Cooke*, 562 U.S. ---, 131 S. Ct. 859 (2011) (per curiam), Petitioner is ordered to show cause in writing, on or before April 21, 2011, why his Petition should not be dismissed with prejudice.

In *Cooke*, the Supreme Court reversed *Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010), and rejected the Ninth Circuit's erroneous interpretation of clearly established law on the standard of review applicable to California parole denials. *Cooke*, 131 S. Ct. at 861-63. Specifically, under *Cooke*, even if a California prisoner has a state-created liberty interest in parole, a prisoner challenging the denial of parole is only entitled to the minimal procedural due process protections set forth in *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100 (1979), that is, an opportunity to be heard and a statement of reasons for the denial. *Id.* at 862. The Supreme Court observed that where the record reflected the prisoner was allowed to speak at the hearing and contest the evidence, was afforded access to his records in advance, and was notified as to the reasons why parole was

denied, "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry." *Id.* The *Cooke* opinion expressly emphasized that "it is no federal concern whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863.

Here, Petitioner's federal due process parole claims focus exclusively on the *reasons* for the Board of Parole Hearing's October 13, 2009 denial of parole. (Pet. at 10, 14, 20-28.[1/]) Petitioner is not claiming he was denied the minimal procedural due process protections set forth in *Greenholtz*. Further, the transcript of Petitioner's October 13, 2009 hearing establishes he received those procedural protections. He was permitted to speak at the hearing and his counsel was permitted to contest the evidence, he was afforded access to his records in advance, and he was notified of the reasons why parole was denied. (Pet. at 45-50; Attach. 1 at 1-50; Attach. 2 at 1-75.) As a result, the face of the Petition indicates Petitioner is not entitled to federal habeas relief, and his federal due process parole claims are not cognizable on federal habeas review because they solely involve the application and/or interpretation of state law. *See* 28 U.S.C. § 2254(a); *Cooke*, 131 S. Ct. at 862-63; *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("We accept a state court's interpretation of state law, . . . and alleged errors in the application of state law are not cognizable in federal habeas corpus.")

In light of *Cooke*, it does not appear this court has any basis for concluding the California courts' rejection of Petitioner's substantive due process parole claims was contrary

---

[1/] For convenience and clarity, the court cites to the pages of the Petition and attachments by referring to the pagination furnished by the court's official CM-ECF electronic document filing system.

to, or involved an unreasonable application of, clearly established Supreme Court law.

Additionally, Petitioner raises an ex post facto challenge to the Board's three-year denial, as well as the state law authorizing it. (Pet. at 10, 28.) It appears to be his argument that the recent amendment by Proposition 9, California's Victims' Bill of Rights Act of 2008, under which he was denied a new parole hearing for three years, violates ex post facto laws because it was not in effect at the time he committed his offense. *See* CAL. PENAL CODE § 3041.5(b)(3); Prop. 9, § 5.1, approved Nov. 4, 2008, eff. Nov. 5, 2008 (Proposition 9 changed the frequency and availability of parole hearings for petitioners found unsuitable for parole). However, Petitioner has failed to establish that such a change in California's parole procedures violates any provision of the United States Constitution. *See California Dept. of Corrections v. Morales*, 514 U.S. 499, 501-14, 115 S. Ct. 1597 (1995) (upholding a 1981 amendment to California's parole procedures that allowed the parole board to decrease the frequency of parole suitability hearings under certain circumstances). Moreover, the United States Supreme Court has "not squarely addressed" the constitutionality of Proposition 9. *See Moses v. Payne*, 555 F.3d 742, 758 (9th Cir. 2009). As a result, there is not a clearly established "controlling legal standard," and the state courts' decisions denying habeas relief cannot be contrary to or unreasonable applications of clearly established Supreme Court precedent. *Id.* at 758-59; *see also* § 2254(d)(1) (habeas relief may only be granted if the last reasoned decision of the state courts was "contrary to, or involved an unreasonable application of, clearly established federal law *as determined by the Supreme Court* . . . .") (emphasis added).

As with his due process parole claims, it does not appear this court would have any basis for concluding the California courts' rejection of Petitioner's ex post facto claim was contrary to, or involved an unreasonable application of, clearly established federal law.

///
///
///
///
///

1     Petitioner is notified that he will be deemed to have waived his opportunity to respond
2 to this order to show cause, and he will be deemed to have consented to the dismissal of his
3 Petition for the foregoing reasons, if he fails to file his written response in the required time,
4 and that no consideration will be given to any untimely response.

6 DATED: March 31, 2011

                                                /s/ Arthur Nakazato
                                        ARTHUR NAKAZATO
                                  UNITED STATES MAGISTRATE JUDGE